UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                 Case No. 23CR138

ALLAN MOFFETT,

        Defendant.

## PLEA AGREEMENT

1.     The United States of America, by its attorneys, Gregory J. Haanstad, United States Attorney for the Eastern District of Wisconsin, and Lisa Wesley, Assistant United States Attorney, and the defendant, Allan Moffett, individually and by attorney Dennise Moreno, pursuant to Rule 11 of the Federal Rules of Criminal Procedure, enter into the following plea agreement:

### CHARGES

2.     The defendant has been charged in a three-count indictment with a forfeiture provision which alleges violations of Title 18, United States Code, Sections 922(g)(1), 924(a)(2), and 924(c)(1)(A)(i), and Title 21, Unites States Code, Sections 841(a)(1) and 841(b)(1)(C).

3.     The defendant has read and fully understands the charges contained in the indictment. He fully understands the nature and elements of the crimes with which he has been charged, and those charges and the terms and conditions of the plea agreement have been fully explained to him by his attorney.

4.     The defendant voluntarily agrees to plead guilty to the following counts set forth in full as follows:

## COUNT TWO

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about June 16, 2021, in the State and Eastern District of Wisconsin,
**ALLAN MOFFETT**
knowingly and intentionally possessed with intent to distribute a mixture and substance containing fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propenamide), a Schedule II controlled substance; a mixture and substance containing heroin, a Schedule I controlled substance; and a mixture or substance containing cocaine base in the form of "crack" cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT THREE

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about June 16, 2021, in the State and Eastern District of Wisconsin,
**ALLAN MOFFETT**
knowingly possessed firearms in furtherance of the drug trafficking offense charged in Count Two of this Indictment.

In violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

5. The defendant acknowledges, understands, and agrees that he is, in fact, guilty of the offenses described in paragraph 4. The parties acknowledge and understand that if this case were to proceed to trial, the government would be able to prove the following facts beyond a reasonable doubt. The defendant admits that these facts are true and correct and establish his guilt beyond a reasonable doubt:

On June 16, 2021, the United States Marshal Service Great Lakes Regional Fugitive Task Force went to a two-family home on S. 12th Street in Milwaukee to look for Allen Moffett and N.W. Moffett had a parole violation warrant from June 2019 from the Department of Corrections, and N.W. had a warrant from June 16, 2021, from the St. Francis Police Department for burglary of a pharmacy. When agents arrived, they saw Moffett exit the residence and enter a white Hyundai sport utility vehicle. As agents stopped the vehicle, they saw Moffett lean toward the passenger side floor. Moffett was then taken into custody and an LG cell phone and $36 was found on his person. Agents also looked in the vehicle and saw currency and a baggie containing suspected crack cocaine on the passenger side floor.

N.W., who leased the apartment, was encountered standing at the door of the residence and told agents that she had children inside. Agents cleared the residence, found two children sleeping,

and saw drug paraphernalia on the living room table. Agents conducted an Act 79 search of both the Hyundai sport utility and residence.

During a search of the Hyundai, agents found:
- $792 and a baggie containing 7.09 grams of crack cocaine base on the passenger side floor;
- a baggie containing 1.11 grams of heroin and fentanyl on the driver's side floor;
- a digital scale on the rear floor;
- two cell phones in the glove box;
- a WI driver license (with the 12th Street address) and a COVID card in the center console for Moffett; and
- a prescription bottle for ibuprofen in Moffett's name in a bag in the trunk.

In the living room of the residence, which had two couches, a table and television on a stand, agents found:
- a loaded Beretta, model M9A1, 9mm pistol, bearing serial number BER459966, which had been reported stolen, under a red sectional couch cushion;
- 7.49 grams of heroin inside a cigar box on the living room table;
- a digital scale, razor blade, and pills on the living room table;
- a loaded Glock, model 30, .45 caliber pistol, bearing serial number SRS997, a box of sandwich bags, a plate and spoon with white residue on a shelf below the living room table; and
- 1.3 grams of marijuana on the television stand.

Identifiers for both Moffett and N.W. were recovered from the living room. A prescription bottle with Moffett's name was on the tabletop and a prescription bottle for N.W. was located on the television stand. In the main bedroom, a We Energies bill in Moffett's name listing the 12th Street address was located in a dresser drawer and mail for N.W. was located there too. Numerous pharmaceuticals were also recovered from this bedroom.

After being advised of her *Miranda* rights, N.W. stated that she has known Moffett for about ten years and he stays with her off and on at her apartment on S. 12th Street. N.W. stated she slept on the black couch in the living room and that Moffett has been sleeping on the red couch, where the stolen Beretta was found, for the last three days. (N.W. later testified before the grand jury that she slept on the red couch and Moffett slept on the black couch the night before the search warrant was executed.) She stated no one else was in the home besides Moffett and the two children for the past three days. N.W. denied knowing any firearms were in her home and stated they must belong to Moffett. She also stated that she does not do drugs and none of the drugs found in the residence belonged to her.

After being advised of his *Miranda* rights, Moffett admitted that he uses heroin and cocaine and the drugs found on him belonged to him. He further admitted that he stayed at the residence for three days prior to the search warrant execution. He also now admits that he possessed the firearms and heroin found in the residence.

A federal search warrant was obtained for the LG cell phone recovered from Moffett. "Al Moffett" was identified as the username on both the Facebook messenger and Google drive applications on the telephone. Photographs of Moffett and Moffett's driver's license were also located in the photos folder. Voice messages on the phone from Ascension were found with appointment reminders for "Allan." In the chats folder, agents also found conversations related to drug trafficking, with messages in May and June 2021, stating the following:

- "I'm in the alley. I need a dub of girl,"
- "Call me. Need a 60 of b,"
- "I need one Bill of g, one 60 of g, and a dub of b," and
- "My brother al, u know I never had complain but last b was looking or isa 2-dollar b lolol."

According to the agent, G and B are abbreviations for "boy and "girl" which terms both commonly refer to cocaine and heroin; a dub is typically a twenty-dollar amount of drugs. Moffett typically never responded to any of the text messages and appeared to call those who contacted him instead.

ATF determined that the Beretta, model M9A1, 9mm pistol, bearing serial number BER459966, was manufactured in Austria, and the Glock, model 30, .45 caliber pistol, bearing serial number SRS997, was manufactured in Maryland. Therefore, both firearms traveled in interstate commerce.

Moffett has a prior federal felony conviction for armed bank robbery and prior state felony convictions for burglary, theft, and felon in possession of a firearm.

This information is provided for the purpose of setting forth a factual basis for the plea of guilty. It is not a full recitation of the defendant's knowledge of, or participation in, the offenses.

## PENALTIES

6. The parties understand and agree that the offenses to which the defendant will enter a plea of guilty carry the following maximum terms of imprisonment and fines:

| Count | Maximum Term of Imprisonment | Mandatory Minimum Term of Imprisonment | Supervised Release | Fine | Special Assessment |
|---|---|---|---|---|---|
| Two | 20 years | none | At least 3 years | $1 million | $100 |
| Three | Life | 5 years, consecutive to any other sentence | 5 years maximum | $250,000 | $100 |

4

7. The defendant acknowledges, understands, and agrees that he has discussed the relevant statutes as well as the applicable sentencing guidelines with his attorney.

## DISMISSAL OF REMAINING COUNTS

8. The government agrees to move to dismiss the remaining count of the indictment at the time of sentencing.

## ELEMENTS

9. The parties understand and agree that in order to sustain the charge of **Possession with Intent to Distribute Controlled Substances** as charged in Count Two, the government must prove each of the following propositions beyond a reasonable doubt:

> First, the defendant knowingly possessed cocaine base, heroin, and fentanyl;
> Second, the defendant intended to distribute the substance to another person; and
> Third, the defendant knew the substance was some kind of a controlled substance. The government is not required to prove that the defendant knew the substance was cocaine base, heroin, and fentanyl.

The parties further understand and agree that in order to sustain the charge of **Possessing a Firearm in Furtherance of a Drug Trafficking Crime**, as charged in Count Three, the government must prove each of the following propositions beyond a reasonable doubt:

> First, the defendant committed the crime of possession with intent to distribute controlled substances as charged in Count Two of the indictment;
> Second, the defendant knowingly possessed one or more firearms; and
> Third, the defendant's possession of the firearm(s) was in furtherance of his possession with intent to distribute controlled substances.

## SENTENCING PROVISIONS

10. The parties agree to waive the time limits in Fed. R. Crim. P. 32 relating to the presentence report, including that the presentence report be disclosed not less than 35 days before the sentencing hearing, in favor of a schedule for disclosure, and the filing of any objections, to be established by the court at the change of plea hearing.

5

11. The parties acknowledge, understand, and agree that any sentence imposed by the court will be pursuant to the Sentencing Reform Act, and that the court will give due regard to the Sentencing Guidelines when sentencing the defendant.

12. The parties acknowledge and agree that they have discussed all of the sentencing guidelines provisions which they believe to be applicable to the offenses set forth in paragraph 4. The defendant acknowledges and agrees that his attorney in turn has discussed the applicable sentencing guidelines provisions with him to the defendant's satisfaction.

13. The parties acknowledge and understand that prior to sentencing the United States Probation Office will conduct its own investigation of the defendant's criminal history. The parties further acknowledge and understand that, at the time the defendant enters a guilty plea, the parties may not have full and complete information regarding the defendant's criminal history. The parties acknowledge, understand, and agree that the defendant may not move to withdraw the guilty plea solely as a result of the sentencing court's determination of the defendant's criminal history.

### Sentencing Guidelines Calculations

14. The defendant acknowledges and understands that the sentencing guidelines recommendations contained in this agreement do not create any right to be sentenced within any particular sentence range, and that the court may impose a reasonable sentence above or below the guideline range. The parties further understand and agree that if the defendant has provided false, incomplete, or inaccurate information that affects the calculations, the government is not bound to make the recommendations contained in this agreement.

### Relevant Conduct

15. The parties acknowledge, understand, and agree that pursuant to Sentencing Guidelines Manual § 1B1.3, the sentencing judge may consider relevant conduct in calculating the

sentencing guidelines range, even if the relevant conduct is not the subject of the offense to which the defendant is pleading guilty.

## Base Offense Level

16. The parties agree to recommend to the sentencing court that the applicable base offense level for the offense charged in Count Two is 12 under Sentencing Guidelines Manual § 2D1.1(c)(13).

## Acceptance of Responsibility

17. The government agrees to recommend a two-level decrease for acceptance of responsibility as authorized by Sentencing Guidelines Manual § 3E1.1(a), but only if the defendant exhibits conduct consistent with the acceptance of responsibility.

## Sentencing Recommendations

18. Both parties reserve the right to provide the district court and the probation office with any and all information which might be pertinent to the sentencing process, including but not limited to any and all conduct related to the offense as well as any and all matters which might constitute aggravating or mitigating sentencing factors.

19. Both parties reserve the right to make any recommendation regarding any other matters not specifically addressed by this agreement.

20. The government agrees to recommend a sentence of 5 years and 1 day imprisonment. The defendant recognizes that the sentence on Count Three is a mandatory minimum of 5 years in prison, consecutive to any other sentence.

## Court's Determinations at Sentencing

21. The parties acknowledge, understand, and agree that neither the sentencing court nor the United States Probation Office is a party to or bound by this agreement. The United States Probation Office will make its own recommendations to the sentencing court. The sentencing court

will make its own determinations regarding any and all issues relating to the imposition of sentence and may impose any sentence authorized by law up to the maximum penalties set forth in paragraph 6 above. The parties further understand that the sentencing court will be guided by the sentencing guidelines but will not be bound by the sentencing guidelines and may impose a reasonable sentence above or below the calculated guideline range.

22. The parties acknowledge, understand, and agree that the defendant may not move to withdraw the guilty plea solely as a result of the sentence imposed by the court.

## FINANCIAL MATTERS

23. The defendant acknowledges and understands that any and all financial obligations imposed by the sentencing court are due and payable in full upon entry of the judgment of conviction. The defendant further understands that any payment schedule imposed by the sentencing court shall be the minimum the defendant is expected to pay and that the government's collection of any and all court imposed financial obligations is not limited to the payment schedule. The defendant agrees not to request any delay or stay in payment of any and all financial obligations. If the defendant is incarcerated, the defendant agrees to participate in the Bureau of Prisons' Inmate Financial Responsibility Program, regardless of whether the court specifically directs participation or imposes a schedule of payments.

24. The defendant agrees to provide to the Financial Litigation Program (FLP) of the United States Attorney's Office, upon request of the FLP during any period of probation or supervised release imposed by the court, a complete and sworn financial statement on a form provided by FLP and any documentation required by the form. The defendant further agrees, upon request of FLP whether made before or after sentencing, to promptly: cooperate in the identification of assets in which the defendant has an interest, cooperate in the liquidation of any such assets, and participate in an asset deposition.

### Fine

25. The parties agree to recommend to the sentencing court that no fine be imposed against the defendant.

### Special Assessment

26. The defendant agrees to pay the special assessment in the amount of $200 prior to or at the time of sentencing.

### Forfeiture

27. The defendant agrees that all properties listed in the indictment constitute the proceeds of the offenses to which he is pleading guilty or were used to facilitate such offenses. The defendant agrees to the forfeiture of these properties and to the immediate entry of a preliminary order of forfeiture. The defendant agrees that he has an interest in each of the listed properties. The parties acknowledge and understand that the government reserves the right to proceed against assets not identified in this agreement. The parties agree that the forfeiture of the defendant's properties as described in the indictment will be determined by the court prior to or at the time of sentencing.

## DEFENDANT'S WAIVER OF RIGHTS

28. In entering this agreement, the defendant acknowledges and understands that he surrenders any claims he may have raised in any pretrial motion, as well as certain rights which include the following:

   a. If the defendant persisted in a plea of not guilty to the charges against him, he would be entitled to a speedy and public trial by a court or jury. The defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, the defendant, the government and the judge all must agree that the trial be conducted by the judge without a jury.

   b. If the trial is a jury trial, the jury would be composed of twelve citizens selected at random. The defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other

        disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of guilty. The court would instruct the jury that the defendant is presumed innocent until such time, if ever, as the government establishes guilt by competent evidence to the satisfaction of the jury beyond a reasonable doubt.

    c.    If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all of the evidence, whether or not she was persuaded of defendant's guilt beyond a reasonable doubt.

    d.    At such trial, whether by a judge or a jury, the government would be required to present witnesses and other evidence against the defendant. The defendant would be able to confront witnesses upon whose testimony the government is relying to obtain a conviction and he would have the right to cross-examine those witnesses. In turn the defendant could, but is not obligated to, present witnesses and other evidence on his own behalf. The defendant would be entitled to compulsory process to call witnesses.

    e.    At such trial, defendant would have a privilege against self-incrimination so that he could decline to testify and no inference of guilt could be drawn from his refusal to testify. If defendant desired to do so, he could testify on his own behalf.

29.    The defendant acknowledges and understands that by pleading guilty he is waiving all the rights set forth above. The defendant further acknowledges the fact that his attorney has explained these rights to him and the consequences of his waiver of these rights. The defendant further acknowledges that as a part of the guilty plea hearing, the court may question the defendant under oath, on the record, and in the presence of counsel about the offense to which the defendant intends to plead guilty. The defendant further understands that the defendant's answers may later be used against the defendant in a prosecution for perjury or false statement.

30.    The defendant acknowledges and understands that he will be adjudicated guilty of the offenses to which he will plead guilty and thereby may be deprived of certain rights, including but not limited to the right to vote, to hold public office, to serve on a jury, to possess firearms, and to be employed by a federally insured financial institution.

31. The defendant knowingly and voluntarily waives all claims he may have based upon the statute of limitations, the Speedy Trial Act, and the speedy trial provisions of the Sixth Amendment. The defendant agrees that any delay between the filing of this agreement and the entry of the defendant's guilty plea pursuant to this agreement constitutes excludable time under the Speedy Trial Act.

## **GENERAL MATTERS**

32. The parties acknowledge, understand, and agree that this agreement does not require the government to take, or not to take, any particular position in any post-conviction motion or appeal.

33. The parties acknowledge, understand, and agree that this plea agreement will be filed and become part of the public record in this case.

34. The parties acknowledge, understand, and agree that the United States Attorney's office is free to notify any local, state, or federal agency of the defendant's conviction.

35. The defendant understands that pursuant to the Victim and Witness Protection Act, the Justice for All Act, and regulations promulgated thereto by the Attorney General of the United States, the victim of a crime may make a statement describing the impact of the offense on the victim and further may make a recommendation regarding the sentence to be imposed. The defendant acknowledges and understands that comments and recommendations by a victim may be different from those of the parties to this agreement.

## **EFFECT OF DEFENDANT'S BREACH OF PLEA AGREEMENT**

36. The defendant acknowledges and understands if he violates any term of this agreement at any time, engages in any further criminal activity prior to sentencing, or fails to appear for sentencing, this agreement shall become null and void at the discretion of the government. The defendant further acknowledges and understands that the government's

agreement to dismiss any charge is conditional upon final resolution of this matter. If this plea agreement is revoked or if the defendant's conviction ultimately is overturned, then the government retains the right to reinstate any and all dismissed charges and to file any and all charges which were not filed because of this agreement. The defendant hereby knowingly and voluntarily waives any defense based on the applicable statute of limitations for any charges filed against the defendant as a result of his breach of this agreement. The defendant understands, however, that the government may elect to proceed with the guilty plea and sentencing. If the defendant and his attorney have signed a proffer letter in connection with this case, then the defendant further acknowledges and understands that he continues to be subject to the terms of the proffer letter.

## **VOLUNTARINESS OF DEFENDANT'S PLEA**

37. The defendant acknowledges, understands, and agrees that he will plead guilty freely and voluntarily because he is in fact guilty. The defendant further acknowledges and agrees that no threats, promises, representations, or other inducements have been made, nor agreements reached, other than those set forth in this agreement, to induce the defendant to plead guilty.

## ACKNOWLEDGMENTS

I am the defendant. I am entering into this plea agreement freely and voluntarily. I am not now on or under the influence of any drug, medication, alcohol, or other intoxicant or depressant, whether or not prescribed by a physician, which would impair my ability to understand the terms and conditions of this agreement. My attorney has reviewed every part of this agreement with me and has advised me of the implications of the sentencing guidelines. I have discussed all aspects of this case with my attorney and I am satisfied that my attorney has provided effective assistance of counsel.

Date: 5-13-24

ALLAN MOFFETT
Defendant

I am the defendant's attorney. I carefully have reviewed every part of this agreement with the defendant. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

Date: 5/13/24

DENNISE MORENO
Attorney for Defendant

For the United States of America:

Date: 5/21/24

GREGORY J. HAANSTAD
United States Attorney

Date: 5/21/24

LISA WESLEY
Assistant United States Attorney

13